IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Arizonans for Fair Elections, et al.,<br><br>             Plaintiffs,<br><br>v.<br><br>Katie Hobbs, et al.,<br><br>             Defendants. | No. CV-20-00658-PHX-DWL<br><br>**ORDER** |

On the afternoon of April 2, 2020, Plaintiffs filed a complaint (Doc. 1) and motion for a temporary restraining order ("TRO") (Doc. 2).

As background, Plaintiffs are a pair of ballot measures committees and an individual Arizona voter. (Doc. 1 ¶¶ 3-5.) The complaint alleges that the committees are in the process of gathering signatures to place two initiatives (the "Stop Surprise Billing and Protect Patients Act" and the "Fair Elections Act") on the ballot during the 2020 election and the voter wishes to sign the committees' petitions. (*Id.*) The complaint further alleges that, although Arizona law requires initiative petition circulators to be physically present when each signature is gathered, the outbreak of the Covid-19 pandemic has made it impossible for the committees' circulators to continue pursuing "in-person signature gathering efforts." (*Id.* ¶¶ 31-51, 57-69.) Additionally, the complaint alleges that Arizona has already created a different system, known as "E-Qual," for "secure online signature collection," which is presently utilized to collect signatures for nominating petitions for "candidates for statewide and legislative offices," but Arizona law does not authorize the

use of E-Qual for initiative campaigns. (*Id.* ¶¶ 52-56.)

In Count I of the complaint, Plaintiffs allege that the Secretary of State's "strict enforcement of [Arizona laws] requiring that an elector sign in the presence of a circulator and that the circular sign an affidavit before a notary public" violates the First Amendment because it "unduly burdens the public's right to engage in political speech during the COVID-19 pandemic." (*Id.* ¶¶ 83-90.) Similarly, in Count II of the complaint, Plaintiffs allege that "denying access to E-Qual in light of the current pandemic . . . results in an undue burden on the exercise of Free Speech." (*Id.* ¶¶ 91-99.) Based on these claims, the complaint seeks various forms of declaratory and injunctive relief. (*Id.* at 20-21.) Finally, in the motion for a TRO, Plaintiffs request an order (1) "temporarily enjoining the Secretary and the County Recorders from each county from enforcing the provisions governing initiative measures under Title 19, Chapter 1, of the Arizona Revised Statutes ('A.R.S.'), in so far as they prevent processing signatures in support of initiatives via Arizona's secure online signature gathering system for qualification for the November 3 General Election ballot," and (2) "requiring the Secretary to allow for the electronic submission of signatures by qualified electors in support of initiative measures, in the same manner qualified electors may currently submit signatures in support of candidate nomination petitions, so that initiative sponsors and supporters may continue to gather and provide signatures during the pandemic." (Doc. 2 at 1.)

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a "court may issue a [TRO] without . . . notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.* Here, Plaintiffs' counsel has not made the certifications required by Rule 65(b)(1)(B) and the Court concludes, in any event, that this is not the sort of unusual case where proceeding without notice to the adverse parties would be appropriate.

Accordingly,

**IT IS ORDERED** that Plaintiffs shall serve Defendants with the complaint (Doc. 1), summons, motion for a TRO (Doc. 2), and this Order as soon as practicable, and in any case by **April 6, 2020**. Plaintiffs shall also file with the Court proof of service of Defendants.

**IT IS FURTHER ORDERED** that Defendants shall file a Response to Plaintiffs' motion for a TRO (Doc. 2) by **April 10, 2020**.

**IT IS FURTHER ORDERED** setting a hearing on Plaintiffs' motion for a TRO (Doc. 2) on **April 14, 2020, at 10:30 a.m.** Due to the Covid-19 pandemic, this will be a telephonic hearing. *See* D. Ariz. G.O. 20-17 ("To protect the safety and health of all those entering and working in the Courthouse, the Court ORDERS that all proceedings, except those court proceedings deemed necessary by the Court, are continued until further order of the Court. . . . Individual judges may hold hearings in civil matters as they deem necessary in the safest manner possible. Hearings deemed necessary by the Court will be scheduled and conducted by video teleconference or telephone to the extent possible."). Counsel are directed to call (866) 390-1828; Access Code: 9667260 five minutes before the scheduled hearing. Counsel are advised that speaker phones and cell phones are not permitted.

Dated this 3rd day of April, 2020.

Dominic W. Lanza
United States District Judge