1  **MARK BRNOVICH**
   **ATTORNEY GENERAL**
2  Drew C. Ensign (No. 25463)
      *Deputy Solicitor General*
3  Robert J. Makar (Bar No. 33579)
      *Assistant Attorney General*
4  2005 N. Central Avenue
   Phoenix, Arizona 85004
5  Telephone: (602) 542-5200
   Drew.Ensign@azag.gov
6

7  *Attorneys for Proposed Intervenor-*
   *Defendant State of Arizona*
8

9              **UNITED STATES DISTRICT COURT**

10               **DISTRICT OF ARIZONA**

11  Arizonans for Fair Elections, et al.,
                        Plaintiffs,              Case No: 2:20-cv-00658-DWL
12  vs.

13                                               **STATE'S MOTION TO INTERVENE**

14  Katie Hobbs, et al.,
                    Defendants,
15
                    and
16
    State of Arizona,
17
                    Proposed Intervenor-
18                  Defendant.

19

20

21

22

23

24

25

26

27

28

                              1

The State of Arizona ("State") respectfully moves under Rule 24 to intervene in this matter to defend the laws challenged in this action.  Plaintiffs oppose this motion, while Secretary of State Katie Hobbs (the "Secretary") takes no position.

## INTRODUCTION

The State seeks to intervene in this rapidly developing challenge to several of its statutory provisions, namely those "governing the signature-gathering requirements for initiative measures under Title 19, Chapter 1, of the Arizona Revised Statutes" (the "Acts"). Complaint at 20-21. All of the requirements for intervention as of right are readily satisfied here.  *First*, this motion is timely—filed a mere two business days after Plaintiffs' challenge was first filed and the same day as the Secretary's public announcement regarding her position in this litigation.  *Second*, the State has protectable interests in defending and enforcing its laws, which would be impaired by the relief sought.  *Third*, the "minimal burden" of demonstrating the inadequacy of existing parties is demonstrated by the fact that (1) the lead Defendant, Secretary Hobbs, has expressly stated that she does not intend to defend this suit and "won't oppose the request being made by these organizations,"[1] and (2) it is unclear whether remaining Defendants have the resources necessary to mount a vigorous defense in the extremely compressed time table on which this case must be litigated.

Alternatively, this Court should grant permissive intervention.  The State seeks to raise common arguments of law and fact in defense of the Acts and its participation will aid this Court.  In particular, the State's participation may facilitate coordination among Defendants and streamline the number of submissions to this Court.

---

[1]  *See* Secretary of State, *Press Release* (Apr. 6, 2020) *available at* https://azsos.gov/about-office/media-center/press-releases/1158.

**LEGAL STANDARD**

Rule 24 provides for intervention both permissively and as-of right.  A party may intervene as of right under Rule 24(a).  In *Wilderness Society v. U.S. Forest Service*, the Ninth Circuit set forth its four-part test for motions to intervene of right:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

630 F.3d 1173, 1177 (9th Cir. 2011) (en banc).

This analysis is "guided primarily by practical considerations, not technical distinctions." *Sw Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (cleaned up); *accord Wilderness Soc'y*, 630 F.3d at 1179 (reiterating importance of "practical and equitable considerations" as part of judicial policy favoring intervention). "[A] district court is required to accept as true the non-conclusory allegations made in support of an intervention motion." *Berg*, 268 F.3d at 819.

In addition, Rule 24(b)(1)(B) provides that "the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."  Along with timeliness, "all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'" *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002) (quoting 24(b)(1)(B).[2]

The Attorney General is empowered by Arizona law to seek intervention in federal court on behalf of the State.  *See* A.R.S. § 41-193(A)(3) (empowering Department of Law to represent the State in federal courts); *see also* A.R.S. § 41-192(A) (vesting Attorney General with direction and control of Department of Law).

---

[2]  *Kootenai Tribe* also has language regarding intervention as of right that was overruled in *Wilderness Society*.  *Wilderness Society* does not undermine *Kootenai Tribe*'s holding regarding permissive intervention, however.

3

1

**ARGUMENT**

2

**I.  THE STATE IS ENTITLED TO INTERVENE AS OF RIGHT**

3

Each of the four requirements for intervention as of right are satisfied here:  (1) the

4 State's motion is timely, (2-3) the State has protectable interests in defending and

5 enforcing its laws, which would plainly be impaired by the requested relief, and (4) the

6 existing parties do not adequately represent the State's interest, particularly as the only

7 State official now joined has expressly declined to defend the statute at issue.

8

**A.  The State's Motion To Intervene Is Timely**

9

The State's motion is plainly timely.  This suit was filed Thursday, a mere four

10 days (and two business days) ago.  The Ninth Circuit has found timely considerably

11 greater intervals.  *See, e.g.*, *Fund for Animals v. Norton*, 322 F.3d 728, 735 (9th Cir.

12 2003) (holding motion to intervene was timely when it was filed "less than two months

13 after the plaintiffs filed their complaint and before the defendants filed an answer");

14 *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1994) (motion was

15 timely when motion filed "four months after [plaintiff] filed the action" and "before any

16 hearings or rulings on substantive matters."); *Sierra Club v. EPA*, 995 F.2d 1478, 1481

17 (9th Cir. 1993) (holding intervention was clearly timely where it was filed "before the

18 EPA had even filed its answer").

19

The State further agrees to abide by the existing briefing schedule, which will

20 avoid any prejudice to Plaintiffs.

21

**B.  The State Has A Significant Protectable Interest In The Subject Matter Of This Action, Which Would Be Affected By Any Adverse Ruling**

22

23

The State has an unquestionable interest in defending the constitutionality of its

24 laws.  "[A] State has standing to defend the constitutionality of its statute." *Diamond v.*

25 *Charles*, 476 U.S. 54, 62 (1986); *see also* Fed. R. Civ. P. 5.1(c) (permitting intervention

26 by state attorney general when constitutionality of state's statutes is questioned).

27 Similarly, "a state suffers irreparable injury whenever an enactment of its people or their

28 representatives is enjoined." *Coalition for Economic Equity v. Wilson*, 122 F.3d 718, 719

(9th Cir. 1997); *accord Maryland v. King*, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers) (same). And "because the Article III standing requirements are more stringent than those for intervention under rule 24(a)," where a State has standing to defend a law, that "standing under Article III compels the conclusion that they have an adequate interest under" Rule 24. *Yniguez v. State of Arizona*, 939 F.2d 727, 735 (9th Cir. 1991).

The State also has a compelling interest in structuring its elections. *See Burdick v. Takushi*, 504 U.S. 428, 433 (1992); *John Doe No. 1 v. Reed*, 561 U.S. 186, 197 (2010) ("The State's interest in preserving the integrity of the electoral process is undoubtedly important."). Invalidation of any state election procedure undoubtedly has an effect on the State sufficient to support intervention. And because that is precisely the relief that Plaintiffs seek, the potential-impairment requirement is plainly satisfied here.

**C. Existing Parties Do Not Adequately Represent The State's Interests**

The "burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Courts consider several factors, including

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th Cir. 2009).

The Secretary has expressly disclaimed any intent to defend the Arizona laws challenged by Plaintiffs. *See supra* at 1 & n.1. Thus far from "mak[ing] all of [the State's] arguments" in defense here, *id.*, the Secretary is not intending or "willing" to make *any* of them in the context of the particular challenge brought here. *Id.* Given the absence of any state official willing to defend Arizona law here as a party, the State should be granted intervention.

1    It is also unclear whether the County Defendants would be able to mount a

2    vigorous defense of the laws at issue here given the extremely accelerated time frame

3    here—a mere eight days from filing of this suit to a brief in opposition to a preliminary

4    injunction. *See* Doc. 9. Nor is it clear that they intend to make all of the arguments that

5    the State intends to—and indeed there is not even time to ascertain fully what arguments

6    they intend to make here. But the State, through its Attorney General/Department of

7    Law, has extensive experience with electoral challenges. The potential that this expertise

8    may be material in this highly expedited suit further supports the State's position.

9    Given these unique circumstances, the State's motion satisfies the minimal burden

10   of demonstrating inadequacy of representation.

11   **II.   ALTERNATIVELY,   THIS   COURT   SHOULD   GRANT   PERMISSIVE
         INTERVENTION**

12

13   Even if the Court declines to grant the State's motion to intervene as of right, this

14   is precisely the type of case where permissive intervention is warranted. Federal courts

15   may permit intervention by litigants who have "a claim or defense that shares with the

16   main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Where a

17   litigant "timely presents such an interest in intervention," the Court should consider:

18          the nature and extent of the intervenors' interest, their
19          standing to raise relevant legal issues, the legal position they
            seek to advance, and its probable relation to the merits of the
20          case[,] whether changes have occurred in the litigation so that
            intervention that was once denied should be reexamined,
21          whether the intervenors' interests are adequately represented
22          by other parties, whether intervention will prolong or unduly
            delay the litigation, and whether parties seeking intervention
23          will significantly contribute to full development of the
            underlying factual issues in the suit and to the just and
24          equitable adjudication of the legal questions presented.

25

26   *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011).

27   As explained more fully above, the State has a compelling interest in the outcome

28   of this action and has standing to defend the constitutionality of its laws. *See also* A.R.S.

§ 41-193(A)(3) (granting authority to the Attorney General to defend the State in federal court).  It further seeks to advance "defense[s] that share[] with the main action … common questions of law or fact," Fed. R. Civ. P. 24(b)(1)(B)—*i.e.*, arguments that the State's Acts are constitutional.

Furthermore, the State's motion is timely as discussed above. And the State's participation will not unnecessarily prolong, prejudice, or unduly delay the litigation. Indeed, the State's participation will "significantly contribute to … the just and equitable adjudication of the legal questions presented." *Schwarzenegger*, 630 F.3d at 905.

Permissive intervention is also warranted for three additional reasons. *First*, if a State statute is to be enjoined, it should be defended by at least one *state* official.  Basic principles of federalism should permit the State the opportunity to defend its laws before they are declared unconstitutional.  And county officials do not necessarily share the same interest in defending laws that are not theirs.  *Cf.* Fed. R. Civ. P. 5.1(a)(1)(B) (permitting automatic intervention in the absence of a "state" agency or officer or employee in an official capacity).  The interests of justice strongly support adjudication on the merits here, rather than permitting the Secretary's non-defense to be the State's last (and only) word in this litigation.  *Second*, the State can serve a useful role in coordinating defensive efforts on behalf of the Fifteen County Defendants.  Absent such coordination, this Court's consideration of the issues presented could easily be frustrated by a proliferation of filings.  But if the State is granted intervention, it commits to coordinating defensive efforts to the greatest extent possible consistent with its duties to defend its laws.  *Third*, granting intervention to the State will obviate the need to examine whether there is any justiciable Article III "case or controversy" here given the Secretary's *agreement* with Plaintiffs.  Granting intervention to the State will ensure that there is a Defendant that is truly adverse to Plaintiffs.

## CONCLUSION

For the reasons stated above, the State requests that the Court grant its motion to intervene, either as of right or permissively.

Respectfully submitted this 6th day of April, 2020.

MARK BRNOVICH
ATTORNEY GENERAL

By: s/ Drew C. Ensign
Drew C. Ensign (No. 25463)
  *Deputy Solicitor General*
Robert J. Makar (Bar No. 33579)
  *Assistant Attorney General*

*Attorneys for Proposed Intervenor-
Defendant State of Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which 2020, which will send notice of such filing to all registered CM/ECF users.

 s/ Drew C. Ensign
Drew C. Ensign

*Attorneys for Proposed Intervenor-*
*Defendant State of Arizona*