Israel G. Torres (#020303)
James E. Barton II (#023888)
Jacqueline Mendez Soto (#022597)
TORRES LAW GROUP, PLLC
2239 West Baseline Road
Tempe, Arizona 85283
(480) 588-6120
James@TheTorresFirm.com
Jacqueline@TheTorresFirm.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizonans for Fair Elections (AZAN), *et al.*;<br><br>Plaintiffs,<br><br>v.<br><br>Katie Hobbs, Arizona Secretary of State, *et al.*, in their official capacities,<br><br>Defendants. | Case No.: 2:20-cv-00658-DWL<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE OF PROPOSED INTERVENOR DEFENDANTS SPEAKER OF THE ARIZONA HOUSE OF REPRESENTATIVES AND PRESIDENT OF THE ARIZONA SENATE** |

Plaintiffs Arizonans for Fair Elections (AZAN), et al. ("Plaintiffs"), by and through undersigned counsel, hereby submit their opposition to the Motion to Intervene of Proposed Intervenor Defendants Speaker of the Arizona House of Representatives and President of the Arizona Senate ("Motion to Intervene") (collectively, "Proposed Intervenors"), and state as follows:

///

**INTRODUCTION**

Proposed Intervenors argue that they have authority to intervene under section 12-1841 of the Arizona Revised Statutes (A.R.S.) and that they meet the requirements to intervene as of right. Alternatively, they argue that they should be allowed permissive intervention. Section 12-1841 does not grant Proposed Intervenors automatic intervention, nor do they qualify to intervene as of right or under permissive intervention.

**A.     A.R.S. § 12-1841**

Section 12-1841 grants Proposed Intervenors no more than an option to seek intervention in a matter. Specifically, A.R.S. § 12-1841(A) provides that if a statute's constitutionality is challenged, the attorney general and the speaker of the house of representatives and the president of the senate shall be entitled to be heard. To be "entitled" means that they have a right to be heard, but not that they must become parties to the action. Indeed, A.R.S. § 12-1841(D) specifies that the attorney general, speaker, and president are not compelled to intervene as a party in any proceeding or to be named as defendants in a proceeding. If they choose to intervene, however, they must still meet the requirements to intervene under Rule 24 of the Federal Rules of Civil Procedure. See *Miracle v. Hobbs*, 333 F.R.D. 151, n.3 (D. Ariz. 2019).

**B.     As of Right**

To intervene under Fed. R. Civ. P. 24(a)(2), the proposed intervenor must show (1) that their motion was timely; (2) an interest relating to the property or transaction that is the subject of the action; (3) that disposing of the action, as a practical matter, may impair its ability to protect its interest; and (4) its interest is not adequately represented

by existing parties to the litigation. See Fed. R. Civ. P. 24(a)(2); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *as amended* (May 13, 2003). The burden of showing that each of these requirements has been met rests with the moving party. See, *e.g.*, *Fair Political Practices Comm'n v. Eisen*, 543 Fed. Appx. 730 (9th Cir. 2013).

### *1) Timing*

Plaintiffs do not challenge the timeliness of the Motion to Intervene. However, regardless of the timing of the Motion to Intervene, Proposed Intervenors do not meet any of the remaining requirements for intervention.

### *2) Significant Protectable Interest*

The Proposed Intervenors seek to intervene in their official capacities "to defend the constitutionality of the Arizona law challenged in the complaint." (*See* Motion to Intervene at 1). This is the same interest asserted by the State in its motion to intervene, which has been granted. (*See* Doc. 61).

As a general matter, the Proposed Intervenors' interest lies in the power to make laws, and this interest is not challenged in this matter. See *Newdow v. U.S. Congress*, 313 F.3d 495, 499 (9th Cir. 2002). When the legislature's institutional power is not at issue, a legislative member's desire to see laws enforced is not sufficient to show a significant protectable interest. See *id.* at 498; see also *United States v. Arizona*, No. CV 10-1413-PHX-SRB, 2010 WL 11470582, at *2 (D. Ariz. Oct. 28, 2010) (finding that individual legislators do not have legally protectable interests in defending legislation sufficient to support intervention in the absence of some sort of personal injury). Proposed Intervenors have not shown what significant protectable interest they have other than what any citizen

of Arizona has—the desire to see laws enforced—which is an interest already represented by the State.

Proposed Intervenors' citation to *Horne v. Flores*, 557 U.S. 433, 443 (2009) is not applicable to this matter. As Proposed Intervenors state, the speaker of the house and the president of the senate were allowed to intervene in *Flores* because the principal defendants in the action had sided with the plaintiffs. While in this case, two of the originally named Defendants, the Secretary of State (the "Secretary") and the Pima County Recorder, have stated that they will not oppose the relief sought by Plaintiffs, the Court has granted the State's intervention. The State intends to defend the challenged laws in Plaintiffs' complaint. (*See* Doc. 46 at 7). Thus, this interest is represented by the appropriate party, the State.

Likewise, Proposed Intervenors' citation to *Karcher v. May*, 484 U.S. 72 (1987) is not instructive in this case. *Karcher* did not consider the question of intervention, but rather whether the legislator intervenors could appeal an adverse judgment after they had left office. See Id. at 74. As with *Flores*, the legislators in *Karcher* had been allowed to intervene because the original defendants would not defend the statute. See Id. at 75. As previously stated, this matter has a party who will defend the statutes at issue.

*3) Practical Impairment*

Because Proposed Intervenors do not have a significant protectable interest in this matter, resolution of this case does not impair any interest they may have. If the resolution of the complaint does not affect the intervenor applicant, the requirement that there be a significant protectable interest has not been met. See *Arakaki*, 324 F.3d at 1084.

*4) Adequate Representation*

The Court has granted the State's intervention, and the State has asserted its intent to defend the laws at issue in this matter. (*See* Doc. 7). Proposed Intervenors refer to the Attorney General's position in the litigation pending before the Arizona Supreme Court to conclude that it is "unclear whether he will make the same arguments as the Speaker and the President." (*See* Motion to Intervene at 6). The State asserted, however, that it is "commit[ed] to coordinating defensive efforts [among county recorders] to the greatest extent possible consistent with its duties to defend its laws…. Granting intervention to the State will ensure that there is a Defendant that is truly adverse to Plaintiffs." (*See Id.*) Therefore, a defense will be mounted by the State.

"When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." See *Arakaki*, 324 F.3d at 1087. "In the absence of a 'very compelling showing,' the government adequately represents its citizens in the protection of its laws. See *Id.* (citations omitted). Differences in litigation strategy do not normally justify intervention. See *Id.* At best, Proposed Intervenors only offer an alternative litigation strategy to defending the challenged laws.

**C.     Permissive Intervention.**

To meet the criteria for permissive intervention, the applicant must demonstrate (1) independent grounds for jurisdiction; (2) timeliness; and (3) the applicant's claim or defense and the main action have a question of law or a question of fact in common. See *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002). In considering permissive intervention, a court must consider whether intervention will unduly delay or prejudice

the original parties, whether the applicant's interests are adequately represented by the existing parties and whether judicial economy favors intervention. *Venegas v. Skaggs*, 867 F.2d 527, 530-31 (9th Cir. 1989).

Proposed Intervenors do not have an independent ground for jurisdiction. They claim that the issue in this matter is whether the initiative-related provisions of the Arizona Constitution conflict with the United States Constitution, and if so, whether the Secretary can adopt rules that she has no power to adopt. (*See* Motion to Intervene, p. 3). While the former is a federal question, the latter is not. However, this case is not a federal preemption case. Federal courts recognize the states' right to regulate elections if they are to be fair and honest. See *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983). Thus, Proposed Intervenors have raised claims that are not relevant to this matter. Plaintiffs do not seek to permanently invalidate a State statute, or the State Constitution for that matter. Plaintiffs seek temporary relief from statutory requirements that have frozen Plaintiffs' freedom of speech and association during the COVID-19 pandemic.

Furthermore, Proposed Intervenors would cause undue delay. They seek to file a motion to dismiss, which would extend the motion filing period and delay resolution of this case. (*See* Motion to Intervene at 1).

**CONCLUSION**

For the foregoing reasons, Plaintiffs ask that this Court deny Proposed Intervenors' Motion to Intervene. The Motion to Intervene fails to establish the required elements for intervention as of right and permissive intervention.

DONE this 10th day of April, 2020.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TORRES LAW GROUP, PLLC


/s/James E. Barton II
James E. Barton II
Jacqueline Mendez Soto
*Attorney for Plaintiffs*

7

# CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2020 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmitted a copy to the follow parties via email.

Joseph Young
Deputy County Attorney
Apache County Attorney's Office
P.O. Box 637
St. Johns, AZ 85936
JYoung@Apachelaw.net
*Attorney for Defendant Edison Wauneka, Apache County Recorder*

Britt W. Hanson
Deputy County Attorney
Cochise County Attorney's Office
bhanson@cochise.az.gov
*Attorney for Defendant David W. Stevens, Cochise County Recorder*

Rose M. Winkeler
Senior Civil Deputy
Coconino County Attorney's Office
110 E. Cherry Ave.
Flagstaff, AZ 86001-4627
rwinkeler@coconino.az.gov
*Attorney for Defendant Patty Hansen, Coconino County Recorder*

Gila County Attorney's Office
1400 E. Ash St.
Globe, AZ 85501
jdalton@gilacountyaz.gov
*Attorney for Sadie Jo Bingham Gila Count Defendants*

Graham County Attorney's Office
800 Main St.
Safford, AZ 85546
jdalton@gilacountyaz.gov
*Attorney for Wendy John, Graham County Recorder*

Greenlee County Attorney's Office
P.O. Box 1717
Clifton, AZ 85533
jford@co.greenlee.az.us
*Attorney for Sharie Milheiro Greenlee County Recorder*

La Paz County Attorney's Office
1316 S. Kofa Ave., Ste. 607
Parker, AZ 85344
rdooley@lapazcountyaz.org
*Attorney for Defendant Richard Garcia, La Paz County Recorder*

Joseph LaRue
Maricopa County Attorney's Office
222 N. Central Ave. , Suite 1100
Phoenix, AZ 85004
laruej@mcao.maricopa.gov
*Attorney for Adrian Fontes, Maricopa County Recorder*

Ryan Esplin
Mohave County Attorney's Office
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
Ryan.Esplin@mohavecounty.us
*Attorney for Defendant Kristi Blair, Mohave County Recorder*

Jason S. Moore
Deputy County Attorney
Navajo County Attorney's Office
PO Box 668
Holbrook, AZ 86025-0668
Jason.moore@navajocountyaz.gov
*Attorney for Doris Clark, Navajo County Recorder*

Daniel Jurkowitz
Pima County Attorney's Office
32 N. Stone Ave., #200
Tucson, AZ 85701
Daniel.jurkowitz@pcao.pima.gov
*Attorney for Defendant F. Ann Rodriguez, Pima County Recorder*

Pinal County Attorney's Office
PO Box 887
Florence, AZ 85132-0887

| | |
|---|---|
| 1 | Chris.keller@pinalcountyaz.gov |
| | Craig.cameron@pinalcountyaz.gov |
| 2 | *Attorneys for Defendant* |
| 3 | |
| | George E. Silva |
| 4 | Santa Cruz County Attorney's Office |
| 5 | 2150 N. Congress Drive |
| | Nogales, AZ 85621 |
| 6 | gsilva@santacruzcountyaz.gov |
| 7 | *Attorney for Defendant Santa Cruz County Recorder* |
| 8 | Yavapai County Attorney's Office |
| 9 | 255 E. Gurley St. |
| | Prescott, AZ 86301 |
| 10 | Thomas.Stoxen@yavapai.us |
| 11 | *Attorneys for Defendant Yavapai County Recorder* |
| 12 | Yuma County Attorney's Office |
| | 250 W. 2nd Street, St. G |
| 13 | Yuma, AZ 85364-2235 |
| 14 | Bill.kerekes@yumacountyaz.gov |
| 15 | *Attorney for Defendants* |
| 16 | Roy Herrera |
| | Daniel A. Arellano |
| 17 | Ballard Spahr LLP |
| 18 | 1 East Washington Street, Suite 2300 |
| | Phoenix, AZ 85004-2555 |
| 19 | 602.798.5430 |
| 20 | HerreraR@ballardspahr.com |
| | arellanod@ballardspahr.com |
| 21 | Attorneys for Katie Hobbs, Secretary of State |

/s/ Monse Vejar