**CANTELME & BROWN, P.L.C.**

A Professional Liability Company
2020 S. McClintock Drive, Suite 109
Tempe, Arizona 85282
Tel (602) 200-0104   Fax (602) 200-0106
E-mail: david@cb-attorneys.com/aaron@cb-attorneys.com

David J. Cantelme, Bar No. 006313
D. Aaron Brown, Bar No. 022133
*Attorneys for Proposed Intervenors*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Arizonans for Fair Elections (AZAN), an Arizona nonprofit corporation; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Katie Hobbs, Arizona Secretary of State; *et al.*, all in their official capacities,<br><br>Defendants. | Case No. 2:20-cv-00658-DWL<br><br>**REPLY IN SUPPORT OF THE SPEAKER OF THE ARIZONA HOUSE OF REPRESENTATIVES AND PRESIDENT OF THE ARIZONA SENATE'S MOTION TO INTERVENE** |

Rusty Bowers, Speaker of the Arizona House of Representatives, and Karen Fann, President of the Arizona State Senate, respectfully submit this reply memorandum in support of their motion to intervene (Doc. 60).

1. Plaintiffs Arizonans for Fair Elections, et al., admit that, under Arizona Revised Statutes § 12-1841, the Speaker and President "have a right to be heard" in a case like this, where the constitutionality of a statute is challenged. (Doc. 63 at 2.) Plaintiffs point out that the Speaker and President nonetheless must satisfy the requirements of Rule 24 (*id.*); the Speaker and President agree, and they do (*see* Doc. 60 at 3–4).

2. Regarding intervention of right, Plaintiffs agree that the Speaker and President's

motion was timely. (Doc. 63 at 3.) Plaintiffs also acknowledge that the Speaker and President's interest in defending the constitutionality of Arizona laws must count as a significantly protectable interest. (*See id.*) Plaintiffs dispute that "the legislature's institutional power is . . . at issue," because the Speaker and President's "interest lies in the power to make laws, and this interest is not challenged in this matter." (*Id.*) But the Legislature's constitutional power to *make* laws means little if the Legislature's presiding officers cannot *defend* those laws against efforts (like the Plaintiffs') to suspend them. That is why § 12-1841(A) gives the presiding officers the same right as the attorney general to intervene in lawsuits like this, different though their constitutional roles may be. And assuming this interest is protectable, resolving this case in Plaintiffs' favor clearly would impair it. (*See* Doc. 61 at 5–6; *see also* Doc. 63 (arguing only that "[b]ecause Proposed Intervenors do not have a significant protectable interest in this matter, resolution of this case does not impair any interest they may have.")

Plaintiffs contend that the attorney general—whose intervention they opposed (Doc. 59)—will mount an adequate defense. (Doc. 63 at 5.) But state law recognizes that the attorney general's intervention in a case has no bearing on the Speaker and President's intervention: Section 12-1841(A) "entitle[s]" both the attorney general *and* the Legislature's presiding officers to intervene when the constitutionality of a law is challenged, at least partly in recognition that their substantive positions may be different.

3. Regarding permissive intervention, Plaintiffs argue that they "do not seek to permanently invalidate a State statute, or the State Constitution for that matter." (Doc. 63.) But the fact that Plaintiffs seek to run roughshod over Arizona's laws and constitution only temporarily is no reason to deny the Speaker and President intervention.

And that intervention will cause no delay. The Speaker and President can (and, if allowed, will) file their opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction (Doc. 2) by today's deadline. The Speaker and President will

be prepared to appear and participate in the TRO hearing on April 14.[1]  And the filing and briefing of their anticipated motion to dismiss should be expedited, it will draw on the legal analysis made in the opposition to the TRO, and it will cause no undue delay.

The Speaker and President's intervention motion should be granted.

RESPECTFULLY SUBMITTED on April 10, 2020.

**CANTELME & BROWN, P.L.C.**

/s/     David J. Cantelme, SBN 006313
2020 S. McClintock Drive, Suite 109
Tempe, Arizona 85282
*Attorneys for Proposed Intervenor Defendants Speaker of the Arizona House of Representatives and President of the Arizona Senate*

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which 2020, which will send notice of such filing to all registered CM/ECF users.

/s/ Megan Bilek

---

[1]  Of course, an evidentiary hearing ordinarily is required before a preliminary injunction is issued.  *See Charlton v. Estate of Charlton*, 841 F.2d 988, 989 (9th Cir. 1988) ("Generally 'the entry or continuation of an injunction requires a hearing.  Only when the facts are not in dispute, or when the adverse party has waived its right to a hearing, can that significant procedural step be eliminated.'" (quoting *Prof'l Plan Examiners of N.J., Inc. v. Lefante*, 750 F.2d 282, 288 (3d Cir. 1984)).