**MARK BRNOVICH**
**ATTORNEY GENERAL**
Drew C. Ensign (No. 25463)
  *Deputy Solicitor General*
Robert J. Makar (No. 33579)
Jennifer J. Wright (No. 27145)
  *Assistant Attorneys General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5025
Drew.Ensign@azag.gov

*Attorneys for Intervenor-*
*Defendant State of Arizona*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizonans for Fair Elections, et al., <br>   Plaintiffs, <br> vs. <br><br> Katie Hobbs, et al., <br>   Defendants, <br>   and <br> State of Arizona, <br>   Intervenor-Defendant. | Case No: 2:20-cv-00658-DWL <br><br> **STATE'S CONDITIONAL MOTION TO CERTIFY** |

**CONDITIONAL MOTION FOR CERTIFICATION**

Intervenor-Defendant the State of Arizona (the "State") hereby formalizes in writing the oral, conditional request for certification that it made at the hearing on April 14. *See* 4/14/20 Tr. at 37:20-24. As explained in the State's brief, Doc. 77 at 1-4, Article IV, Part 1, Section 1(9) of the Arizona Constitution (hereinafter, "Article IV Presence Requirement") independently mandates in-person signature signing of initiative petitions and Plaintiffs' failure to challenge results in them lacking standing. Plaintiffs, for the first time at oral argument, contended that they could overcome the Article IV Presence Requirement through "substantial compliance." *See* 4/14/20 Tr. at 11:2-17; 20:18-23.

That argument is plainly waived due to its omission in Plaintiffs' motion and eleventh-hour presentation at argument. *See* 4/14/20 Tr. at 37:1-4. If this Court concludes otherwise, however, it may need to reach that important issue of state law—assuming Plaintiffs' request for a temporary restraining order and preliminary injunction does not fail for the many independent reasons advanced by the State. Because one cannot "substantially comply" with a requirement by obliterating it, it is at least a reasonably debatable question of Arizona law whether Plaintiffs' could obtain the relief they seek without violating the Arizona Constitution. As such, this Court should certify that question to the Arizona Supreme Court if that issue is dispositive. *See, e.g.*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75-79 (1997).

The State recognizes that the Arizona Supreme Court could not resolve that question with sufficient speed to resolve Plaintiffs' request for a temporary restraining order. But the Arizona Supreme Court will be considering an identical issue in *Arizonans for Second Chances v. Hobbs*, in which briefing is scheduled to be complete on April 24, 2020 and a decision is expected shortly thereafter. It is therefore likely that this Court could receive an answer to a certified question with sufficient speed to adjudicate Plaintiffs' request for a preliminary injunction.

For similar reasons, the State also conditionally seeks certification for any issue of severability—should it become relevant. Severability is a question of state law. *See*

*Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 506 (1985). And it is at least a reasonably debatable issue whether the framers of the Arizona Constitution would have permitted lawmaking by initiative in contexts where courts would not permit them to insist upon in-person signing of initiative petitions—a constitutional requirement they considered fundamentally important. *See* 4/14/20 Tr. at 45:7-21. Thus, if this Court were to conclude that the Article IV Presence Requirement imposed a severe and unconstitutional burden on Plaintiffs' First and Fourteenth Amendment rights as applied, this Court should certify the severability of the Article IV Presence Requirement from the rest of Article IV to the Arizona Supreme Court as applied in this context.

## CONCLUSION

For the foregoing reasons, this Court should certify the issues of Arizona law indicated above to the Arizona Supreme Court if they are (1) not waived and (2) necessary to resolve Plaintiffs' request for a preliminary injunction. If this Court concludes that the relevant arguments by Plaintiffs are waived or that Plaintiffs' request for preliminary injunctive relief fails on other grounds, however, there is no need to certify any question of Arizona law and this conditional request can be denied as moot.

Respectfully submitted this 16th day of April, 2020.

    MARK BRNOVICH
    ATTORNEY GENERAL

    By: s/ Drew C. Ensign
    Drew C. Ensign (No. 25463)
      *Deputy Solicitor General*
    Robert J. Makar (No. 33579)
    Jennifer J. Wright (No. 27145)
      *Assistant Attorneys General*

    *Attorneys for Intervenor-*
    *Defendant State of Arizona*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

 s/ Drew C. Ensign
Drew C. Ensign

*Attorney for Intervenor-Defendant State of Arizona*